Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BIANCA JOHNSTON,** *individually and on behalf of all those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>**FRONTIER COOPERATIVE,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiff Bianca Johnston ("Plaintiff") brings this class action against Defendant Frontier Cooperative ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105

Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. The TCPA affords special protections for people who, like Plaintiff, received marketing calls before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location). Specifically, the TCPA provides that each person who receives more than one call on their cell phone during these violative hours is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

3. The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Plaintiff, frequently face. For example, in 2024 alone, approximately 52.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 6, 2025). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790 11553770803.

## NATURE OF THE ACTION

4. This is a putative class action brought pursuant to the TCPA.

5. To promote its goods and services, Defendant engages in telemarketing text

messages at unlawful times.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

**PARTIES**

7. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Bernardino County, California.

8. Defendant is an Iowa cooperative with its headquarters located in Norway, Iowa.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**JURISDICTION, AND VENUE**

10. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

11. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that specifically coincides with locations in California.

**FACTS**

12. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking

proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers before 8 am and after 9 pm and similarly provides a private right of action against any entity that makes those telephone solicitations, or "on whose behalf" such telephone solicitations are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(1).

14. On or about May 22, 2025, May 26, 2025, and June 3, 2025, Defendant made telephone solicitations to Plaintiff's cellular telephone as depicted below:






15. As displayed by the above screenshots, the telephone solicitations were initiated at 7:49 AM, 7:27 AM, and 7:42 AM in Plaintiff's time zone.

16. Overall, Defendant sent Plaintiff three (3) marketing text messages before the hour of 8 a.m. or after 9 p.m. (local time at Plaintiff's location).

17. As demonstrated by the above screenshots, the purpose of Defendant's telephonic solicitations was to advertise, promote, and/or market Defendant's property, goods, and/or services.

18. Plaintiff is the regular user of the telephone number that received the above

solicitations.

19. Plaintiff utilizes the cellular telephone number that received Defendant's telephone solicitations for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

20. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all telephone solicitations advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each telephone solicitation made to Plaintiff and the Class members.

21. Plaintiff never signed any type of authorization permitting or allowing Defendant to send them telephone solicitations before 8 am or after 9 pm.

22. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

23. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent (the "Class") is defined as:

> **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one marketing text message within any 12-month period; (3) where such marketing text messages were initiated before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).**

24. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

25. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes Class Members' number in the several thousands, if not more.

**NUMEROSITY**

26. Upon information and belief, Defendant has placed violative text messages to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

28. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated solicitation text messages to Plaintiff and the Class members before 8 a.m. or after 9 p.m.

(b) Whether Defendant is liable for damages, and the amount of such damages.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephone solicitations without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

30. Plaintiff's claims are typical of the claims of Class members, as they are all based

on the same factual and legal theories.

**<u>PROTECTING THE INTERESTS OF CLASS MEMBERS</u>**

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**<u>SUPERIORITY</u>**

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

**COUNT I**
**<u>VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)(1)</u>**
**(On Behalf of Plaintiff and the Class)**

34. Plaintiff re-alleges and incorporates the allegations set forth in Paragraphs 1-33 as if fully set forth herein.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(1), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1).

36. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(c).

37. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

38. Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members before the hour of 8 a.m. or after the hour of 9 p.m. (local time at the called party's location).

39. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation. 47 U.S.C. § 227(c)(5).

40. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation. 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b. An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c)(1);

e. An award of attorney's fees, costs, and interest, as allowed by applicable law; and

f. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

Dated: October 1, 2025

Respectfully Submitted,

/s/ Gerald D. Lane, Jr. .

**GERALD D. LANE, JR., ESQ.**
California Bar No: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: 754-444-7539

*COUNSEL FOR PLAINTIFF*